**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 16-4030**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

WAYNE L. LEWIS,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (3:04-cr-00367-HEH-1)

─────────

Submitted:  August 12, 2016        Decided:  October 27, 2016

─────────

Before WILKINSON, TRAXLER, and FLOYD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, Appellate Attorney, Valencia D. Roberts, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Erik Sean Siebert, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne L. Lewis pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012), and was sentenced in 2005 to 120 months' imprisonment and 4 years of supervised release. Lewis completed his term of incarceration and began his term of supervised release. While on release, Lewis was convicted in state court of possession of heroin and pled guilty in the district court to aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a) (2012). Lewis was sentenced to 71 months' imprisonment and 3 years of supervised release for the Hobbs Act robbery. Lewis subsequently admitted the violations alleged against him in the revocation petition, and the district court revoked his supervised release and sentenced him to 6 months' imprisonment, to be served consecutively to the sentence imposed for the Hobbs Act robbery. Lewis now appeals from the revocation order.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the 6-month revocation sentence is plainly unreasonable because it was ordered to run consecutively to Lewis' sentence in the Hobbs Act robbery case. Lewis was informed of his right to file a pro se

2

supplemental brief, but he has not done so.  The Government did not file a brief.  We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release."  United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013).  A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 136 S. Ct. 494 (2015).  In determining whether a revocation sentence is plainly unreasonable, this court assesses it for reasonableness, utilizing "the procedural and substantive considerations" employed in evaluating an original criminal sentence.  United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006).

A revocation sentence is procedurally reasonable if the district court has considered both the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors it is permitted to consider in a supervised release revocation case, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439-40.  The district court also must provide an explanation for the sentence chosen, although this explanation "need not be as detailed or specific" as is required for an original sentence.  United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

3

A revocation sentence is substantively reasonable if the district court states a proper basis for concluding the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440. Only if we find a sentence unreasonable must we decide whether it is "plainly" so. Id. at 439. A sentence is plainly unreasonable if it is clearly or obviously unreasonable. Id.

Applying these principles, counsel's challenge to the reasonableness of Lewis' sentence fails. In imposing a consecutive sentence, the district court deferred to the policy statement set forth in U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s., which states that any prison term imposed on revocation of supervised release "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." The district court's deference to this policy statement, while not required, was proper. See Thompson, 595 F.3d at 547; see also United States v. Moulden, 478 F.3d 652, 656-57 (4th Cir. 2007).

To the extent counsel suggests that imposing a consecutive sentence was substantively unreasonable in light of the parties' agreement that a concurrent sentence was warranted and because Lewis faced a 71-month prison term for the Hobbs Act robbery, this argument is also without merit. It ignores the established

4

principle that a revocation sentence is intended to punish the defendant's failure to abide by the terms of his supervised release, which is separate and distinct from the punishment imposed for any underlying criminal conduct. Crudup, 461 F.3d at 437-38 ("'[T]he sentence imposed upon revocation [is] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision.'" (quoting USSG ch. 7, pt. A, introductory cmt. 3(b)) (second alteration in original)). Lewis admitted both of the violations of supervised release alleged in the revocation petition, one of which involved the crime of possession of heroin and the other of which involved the crime of interference with commerce by robbery. These violations reflect Lewis' serious disregard for the terms of his supervision. The district court's sentencing comments make clear that it relied on the need to sanction Lewis' breach of trust in violating the terms of supervision and the nature and circumstances of his violative behavior and his history and characteristics in rejecting the request for a concurrent sentence and imposing a consecutive 6-month one. See 18 U.S.C. § 3553(a)(1); USSG ch. 7, pt. A, introductory cmt. 3(b); USSG § 7B1.3(f), p.s. Because the district court amply justified the selected sentence — which fell below both the statutory maximum and the advisory policy statement range — and

relied on proper considerations in imposing it, we discern no substantive unreasonableness in this sentence.

In accordance with <u>Anders</u>, we also have reviewed the remainder of the record in this case and have found no meritorious grounds for appeal. We therefore deny counsel's motion to withdraw from representation and affirm the district court's order. This court requires that counsel inform Lewis, in writing, of the right to petition the Supreme Court of the United States for further review. If Lewis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lewis.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>